**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**DIEGO BARBA-ORTIZ**                                                       **PETITIONER**

v.                                            **Criminal No. 1:12cr103-LG-RHW-1
Civil Action No. 1:14cv337-LG**

**UNITED STATES OF AMERICA**                              **RESPONDENT**

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**

      **BEFORE THE COURT** is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [71] filed by Diego Barba-Ortiz. Barba-Ortiz's former attorney, Mr. Albert Necaise, filed a sworn response in opposition to the Motion, but the Government did not file a response. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Barba-Ortiz's § 2255 Motion should be denied.

## BACKGROUND

      Barba-Ortiz pled guilty to one count of possession with intent to distribute more than fifty grams of actual methamphetamine. He signed a plea agreement containing a waiver of his right to contest the conviction and sentence or the manner in which that sentence was imposed on appeal or in an post-conviction proceeding. (Plea Agreement at 4, ECF No. 59; Tr. at 12, ECF No. 75).

      At the change of plea hearing, Barba-Ortiz testified under oath that he was satisfied with the amount of time his attorney, Mr. Necaise, had spent with him and the advice Mr. Necaise had given him. (Tr. at 6, ECF No. 75). He also stated that he had no complaints with Mr. Necaise's representation and that Mr. Necaise had

explained the charges filed against him as well as any possible defenses. (*Id.* at 6-7, 10). Barba-Ortiz further testified that no one had threatened him, forced him, or otherwise coerced him to plead guilty, and he was pleading guilty freely and voluntarily. (*Id.* at 11). He also expressed his understanding of the rights that he was waiving by pleading guilty as well as the potential sentencing range. (*Id.* at 7-9, 12-13). He conceded that no one had made any promises that were not contained in the plea agreement and supplement. (*Id.* at 12). Finally, Barba-Ortiz testified that he was guilty of possession with intent to distribute more than fifty grams of actual methamphetamine. (*Id.* at 13-14).

A sentencing hearing was held on September 5, 2013. Barba-Ortiz told the Court that he had reviewed the Presentence Investigation Report (PSR) with his attorney. When he was asked whether there were any errors in the PSR, Barba-Ortiz stated that the PSR was incorrect because it classified him as the organizer of the crime at issue. (Tr. at 2-3, ECF No. 74). The Court noted that Mr. Necaise had filed a written objection on that basis, so the Court heard argument concerning whether Barba-Ortiz was the organizer or leader of the crime at issue. (*Id.* at 3-4). At the conclusion of the arguments and after reading Mr. Necaise's written objection, the Court found that an enhancement should be imposed as to Barba-Ortiz, because he was an organizer, leader, manager, or supervisor pursuant to USSG § 3B1.1(c). (*Id.* at 5; Supplemental Addendum to PSR at 1-2, ECF No. 63-2). Barba-Ortiz was also granted a three-level reduction for acceptance of

responsibility. (Tr. at 3, ECF No. 74; Supplemental Addendum to PSR at 2, ECF No. 63-2). Mr. Necaise noted that the guideline range was 210 to 262 months, and the Government and Mr. Necaise agreed that a sentence reflecting the lowest end of the guidelines (210 months) should be imposed. (*Id.* at 5). At the conclusion of the sentencing hearing, Judge Walter J. Gex, III, sentenced Barba-Ortiz to serve 210 months imprisonment and five years of supervised release. (*Id.* at 6). Judge Gex also granted the Government's Motion to Dismiss the remaining count in the indictment – conspiracy to distribute a controlled substance pursuant to the plea agreement. (*Id.* at 9).

Barba-Ortiz filed a pro se Notice of Appeal on September 11, 2013. The United States Court of Appeals for the Fifth Circuit entered an order dismissing the appeal for want of prosecution on October 21, 2013. Barba-Ortiz filed the present Motion on August 29, 2014. He asks the Court to vacate the sentence imposed against him and remand the case for re-sentencing for the following reasons:

> 1. violation of 18 U.S.C. § 3553(a) in "calculating relevant conduct;"
> 2. failure of counsel to negotiate a more favorable plea agreement;
> 3. failure of counsel to adequately counsel his client;
> 4. failure of counsel to raise the defenses of entrapment and entrapment by estoppel;
> 5. failure of counsel to subject the Government's case to any meaningful adversarial testing;
> 6. the plea was not voluntary;
> 7. failure of counsel to argue that Barba-Ortiz was not in a leadership role;
> 8. failure of counsel to argue for a downward departure;
> 9. failure of the Court to give reasonable notice that a leadership enhancement may be imposed;
> 10. violation of Fed. R. Crim. P. 32.

## DISCUSSION

## I. WHETHER BARBA-ORTIZ'S PLEA AND WAIVER OF RIGHTS WERE VOLUNTARY

As part of a plea agreement, a defendant may waive his right to appeal and his right to seek post-conviction relief under 28 U.S.C. § 2255, as long as the waivers are informed and voluntary. *United States v. Murray*, 700 F.3d 241, 245 (5th Cir. 2012); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

Barba-Ortiz argues that his plea was not voluntary, but he did not elaborate on this assertion. At the change of plea hearing held on June 6, 2013, Barba-Ortiz testified under oath that no one had coerced him or made any improper promises to him in an attempt to induce him to plead guilty. The Court clearly and carefully described all of the rights that Barba-Ortiz was waiving as part of the plea agreement, and Barba-Ortiz testified that he understood those rights and wished to waive them. A defendant's sworn statements in open court are entitled to a strong presumption of truthfulness. *United States v. Lampaziane,* 251 F.3d 519, 524 (5th Cir. 2001) (citing *Blackledge v. Allison,* 431 U.S. 63, 74 (1977)). Moreover, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran,* 302 F.3d 279, 283-84 (5th Cir. 2002). Barba-Ortiz has not provided any facts, testimony, or evidence that counters his prior testimony at the change of plea hearing. As a result, the Court finds that Barba-Ortiz's guilty plea and the waiver of his rights to appeal and to seek post-conviction relief were knowing and voluntary.

## II. BARBA-ORTIZ'S ARGUMENTS OF INEFFECTIVE ASSISTANCE OF COUNSEL

In order to demonstrate ineffective assistance of counsel, a petitioner must show (1) that "counsel's representation fell below an objective standard of reasonableness," and (2) "counsel's deficient performance prejudiced the defendant." *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000). A court must be "highly deferential" in conducting this review. *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000). "[The] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is the defendant must overcome the presumption." *United States v. Thomas*, 724 F.3d 632, 646 (5th Cir. 2013) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)).

An ineffective assistance of counsel claim is barred by waiver unless the alleged ineffective assistance "directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Barba-Ortiz argues that his former attorney, Mr. Necaise, failed to argue that Barba-Ortiz was not in a leadership role and failed to argue for a downward departure. Since both of these alleged instances of ineffective assistance of counsel would have occurred after Barba-Ortiz's guilty plea, they did not affect the validity of Barba-Ortiz's plea or the waiver of his right to seek post-conviction relief. Furthermore, it should be noted that, prior to sentencing, Mr. Necaise submitted a written objection to the Court that concerned the leadership enhancement, and he presented arguments to the Court at the sentencing hearing in opposition to that enhancement. In addition,

Barba-Ortiz has not demonstrated that Mr. Necaise provided ineffective assistance of counsel by failing to seek a downward departure, because he has not explained why he would have been entitled to a downward departure.

Barba-Ortiz's remaining allegations of ineffective assistance of counsel are: Mr. Necaise's alleged failure to negotiate a more favorable plea agreement; his alleged failure to adequately counsel Barba-Ortiz; his alleged failure to raise the defenses of entrapment and entrapment by estoppel; and his alleged failure to subject the Government's case to any meaningful adversarial testing.  First, these allegations are vague and conclusory.  For example, Barba-Ortiz has not explained how Mr. Necaise's advice was lacking.  Furthermore, Barba-Ortiz testified at the change of plea hearing that he had no problems with Mr. Necaise's representation. He also stated that Mr. Necaise had explained all of the defenses that were available.  And, as explained previously, Barba-Ortiz voluntarily consented to the plea agreement that Mr. Necaise negotiated.

Mr. Necaise has stated under oath that he met with Barba-Ortiz on at least seven occasions to advise him in this matter.  Two interpreters that assisted Mr. Necaise at these meetings have also submitted sworn affidavits regarding the assistance that they provided at the meetings as well as Barba-Ortiz's expressed understanding of the discovery and advice they translated.  As a result, Barba-Ortiz has not met his burden of demonstrating that Mr. Necaise's representation was objectively unreasonable.

**III. BARBA-ORTIZ'S ARGUMENTS RELATED TO SENTENCING ENHANCEMENTS AND ALLEGED SENTENCING ERRORS**

As noted above, Barba-Ortiz signed a Plea Agreement containing a waiver of his right to file post-conviction motions challenging his conviction and sentence. Thus, his sentencing arguments were waived when he pled guilty. However, even if these arguments were not waived, the Court finds that they are without merit. First, Barba-Ortiz claims that the Court violated 18 U.S.C. § 3553(A) by "calculating relevant conduct," but the Court has not located any mention of relevant conduct in the PSR or the transcript of the sentencing hearing. Barba-Ortiz's sentence was not based on any conduct outside of that charged in the count to which he pled guilty, nor was it based on the conduct of any alleged co-conspirator.

Barba-Ortiz also claims that the Court violated Rule 32 by failing to make an explicit finding that he had a leadership role pursuant to U.S.S.G. § 3B1.1(c). *See* Fed. R. Crim. P. 32(i)(3)(B). However, the Court did make an explicit finding by overruling Barba-Ortiz's objection. (*See* Tr. at 5, ECF No. 74). It should be noted that,"Rule 32 findings must be express or explicit . . . but need not be detailed and lengthy . . . . Rather, they need only state the court's resolution of the disputed issues." *United States v. Ingham*, 486 F.3d 1068, 1074 (9th Cir. 2007) (internal quotation marks and citations omitted). Therefore, the Court's explicit findings – (1) that Barba-Ortiz's objection to the leadership enhancement should be overruled and (2) that the PSR adequately classified Barba-Ortiz's role in the crime at issue –

did not violate Rule 32.

As for Barba-Ortiz's claim that he was not given notice that a leadership enhancement may be imposed, this assertion is contradicted by Barba-Ortiz's own testimony at the sentencing hearing as well as Mr. Necaise's testimony and the PSR.

## CONCLUSION

For the foregoing reasons, the Court finds that Barba-Ortiz's guilty plea and waiver of rights was knowing and voluntary. Furthermore, he has not demonstrated that his former attorney provided ineffective assistance.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [71] filed by Diego Barba-Ortiz is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 9th day of December, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE